UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LANCER INSURANCE COMPANY, Plaintiff | CIVIL ACTION NO. 1:17-CV-00848 |
| VERSUS | CHIEF JUDGE DRELL |
| DOROTHY LONG, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JIMMY D. LONG, SR., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint for Declaratory Judgment premising federal jurisdiction upon diversity of citizenship (Doc. 1). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)) (internal

citation and quotation omitted). "[W]hen jurisdiction depends on citizenship, citizenship must be *distinctly and affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotation omitted); (see also Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008)(per curiam).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

Plaintiff Lancer Insurance Company alleges it is an insurance company incorporated in Illinois with its principal place of business in New York (Doc. 1).

However, Lancer Insurance Company does not appear to be a corporation, nor does the Complaint allege specific facts sufficient to determine the citizenship of Plaintiff.[1]

Plaintiff Lancer Insurance Company further alleges the following as to the citizenship of the Defendants:

(1) Dorothy Long, a person of full age of majority and domiciled in Natchitoches, Natchitoches Parish, Louisiana, individually and on behalf of the Estate of Jimmy D. Long, Sr. Therefore, Dorothy Long is a citizen of Louisiana.
(2) Jimmy D. Long, Jr., a person of full age of majority and domiciled in Natchitoches, Natchitoches Parish, Louisiana, individually and on behalf of the Estate of Jimmy D. Long, Sr. Therefore, Jimmy D. Long, Jr. is a citizen of Louisiana.
(3) Mark Vanmatre, individually and on behalf of his minor son, Dylan Mark Vanmatre, is a person of full age of majority and domiciled at 6873 Highway 6, Natchitoches, Louisiana 71457 in Natchitoches Parish, Louisiana. Therefore, Mark Vanmatre is a citizen of Louisiana.[2]
(4) Tonya Conlay a resident of full age of majority who is domiciled at 141 Conlay Drive, Natchitoches Parish. Therefore, Tonya Conlay is a citizen of Louisiana; and
(5) Progressive Paloverde Insurance Company, the insurer of Tonya Conlay which is domiciled in Indiana and has its principal place of business in Ohio. Therefore, Progressive Paloverde Insurance Company is a citizen of both Indiana and Ohio.[3]

(Doc. 1).

Plaintiff alleges it is diverse in citizenship from Defendants and that the amount in controversy exceeds the amount of $75,000 (Doc. 1). However, Dorothy Long and Jimmy D. Long, Jr., are alleged to be appearing individually, and on behalf

---

[1] The Illinois Secretary of State shows no corporate listing for Lancer Insurance Company. See https://www.ilsos.gov/corporatellc/.

[2] When determining a minor's domicile, courts look to the domicile of the minor's guardian if the minor lives with her guardian. Daffern v. State Auto Prop. & Cas. Ins. Co., 10-1211, 2011 WL 1085664 (W.D. La. Mar. 18, 2011).

[3] The Indiana Secretary of State shows Progressive Paloverde Insurance Company is a domestic insurance corporation. See https://bsd.sos.in.gov/publicbusinesssearch.

of the estate of Jimmy D. Long, Sr. "For the purposes of [§ 1332]…the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). While the citizenship of Dorothy Long and of Jimmy D. Long, Jr. has been alleged, the citizenship of the decedent Jimmy Long, Sr. is not clear from the pleadings. Additionally, Plaintiff Lancer Insurance Company's status as a business entity as of the date of filing is not clear from the pleadings, as Plaintiff does not allege facts sufficient to establish Lancer Insurance Company is a corporation. Therefore, the existence of federal jurisdiction is in question.

Accordingly,

The Clerk of Court is DIRECTED to serve a copy of this order upon Defendants IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, not later than twenty-one (21) days from service of this Order on Defendants, Plaintiff Lancer Insurance Company SHALL FILE: (1) a Jurisdictional Memorandum setting forth specific facts, including the citizenship of decedent Jimmy Long, Sr., and the citizenship of Lancer Insurance Company, including sufficient facts to establish every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business as of the date of filing, that support a finding that the parties are diverse in citizenship; and (2) a motion for leave to amend the jurisdictional allegations of the Complaint pursuant to 28 U.S.C. § 1653 to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Defendants will be allowed seven (7) days from receipt of Plaintiff's memorandum regarding jurisdiction to file a response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25th day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge